UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT CINCINNATI)

| | |
|---|---|
| IN RE ATRICURE, INC.<br>SECURITIES LITIGATION | No. 1:08cv00867<br><br>Hon. Michael R. Barrett |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIDAVITS OF CONFIDENTIAL WITNESSES

Lead Plaintiffs Ron DeHart and Brian Halford ("Lead Plaintiffs" or "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(f), S.D. Ohio Civ. R. 7.2(d), and the Court's inherent authority, move the Court for the entry of an Order striking and/or ruling that it is improper to consider the three affidavits that were submitted by Defendants with their Reply to Plaintiffs' Opposition to the Motion to Dismiss. This Motion is supported by the attached Memorandum in Support.

DATED: December 2, 2009

By:  /s/Richard S. Wayne
Richard S. Wayne (Attorney Bar No. 0022390)
William K. Flynn  (Attorney Bar No. 0029536)
Nicole M. Lundrigan (Attorney Bar No. 0075146)
John M. Levy (Attorney Bar No. 0077897)
**STRAUSS & TROY**
150 East Fourth Street
Cincinnati, OH  45202-4018
Telephone:  (513) 621-2120
Facsimile:   (513) 629-9426

**GLANCY BINKOW & GOLDBERG LLP**
LIONEL Z. GLANCY
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160

**SAXENA WHITE P.A.**
JOSEPH E. WHITE III
LESTER R. HOOKER
2424 N. Federal Highway

Suite 257
Boca Raton, Florida 33431
Telephone:     (561) 394-3399
Facsimile:      (561) 394-3382

*Co-Lead Counsel for Lead Plaintiffs*

**LAW OFFICES OF HOWARD G. SMITH**
HOWARD G. SMITH
3070 Bristol Pike, Suite 112
Bensalem, Pennsylvania 19020
Telephone:     (215) 638-4847
Facsimile:      (215) 638-4867
*Counsel for Plaintiffs*

## MEMORANDUM IN SUPPORT

### I. PRELIMINARY STATEMENT

In support of their motion to dismiss a federal securities law class action, Defendants seek to introduce, *for the first time with their Reply*, purported recantations of certain facts provided by some – but not all – of the confidential witnesses whose allegations provided some support for the operative complaint. The affidavits, obtained many months after Defendants first became aware of the witnesses' discussions recounted therein, are not permissible on a motion to dismiss and constitute an improper attempt to sandbag Plaintiffs at the close of briefing. Applicable law does not permit such tactics.

### II. PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

This is a class action on behalf of all purchasers of AtriCure's securities between May 10, 2007 and October 31, 2008, seeking remedies for violations of the Securities Exchange Act of 1934. Amended Complaint, Dkt. # 21. After a several-month period of additional investigation following their appointment as representatives of the class in late February, 2009, Lead Plaintiffs filed their Amended Complaint (the "Complaint") on May 8, 2009. Dkt. # 21. Defendants moved to dismiss the Complaint on July 20 (Dkt. # 26), and Plaintiffs filed their Opposition to Defendants' Motion to Dismiss on September 25 (Dkt. # 30).

On November 9, 2009, Defendants filed their Reply to Plaintiffs' Opposition ("Reply"). Dkt. # 33. Defendants improperly attached to their Reply the affidavits of three individuals identified in the Complaint as confidential witnesses. *See id.* These affidavits, which Defendants ask the Court to consider for their truth at the most preliminary stage of this action -- on a 12(b)(6) motion to dismiss -- should be stricken and/or ignored because they, *inter alia*, have been submitted under no valid authority, violate the procedures prescribed for a motion to

dismiss, raise genuine issues of material fact, and were obtained, as discussed below, under circumstances which appear to undermine their reliability.

The original complaint was filed on December 12, 2008. Dkt. # 1. Thus, Defendants had nearly one year to speak with AtriCure's current and former employees with respect to the allegations which underlie the general theory of the case. Moreover, as there is substantial overlap between this action and, *inter alia*, a then-ongoing inquiry into AtriCure's sales and reimbursement practices by the Department of Justice, Defendants had every reason to be conducting their own investigation.[1] Defendants were aware that Plaintiffs were interviewing former employees, and Defendants were already in contact with potential witnesses (including Plaintiffs' confidential witnesses) prior to the filing of the Amended Complaint. S*ee* Dkt. # 33, Exhibit 1, ¶4. In fact, Defendants denied Plaintiffs the professional courtesy of consenting to an extension of time for Plaintiffs to file the Amended Complaint because Plaintiffs were interviewing former employees about this case. *See* Affidavit of Richard S. Wayne, Ex. 1 to Plaintiffs' Motion for Extension of Time (Dkt. # 13). Although they opposed the brief extension ultimately granted by the Court on the ground that they "have had this matter hanging over them for months and simply wish to get on with the defense" of the action (Dkt. #16 at 2), the dilatory fashion in which they obtained the "evidence" they now wish to place before the Court on a pleading motion belies this assertion.[2]

---

[1] In a Form 8-K filed on November 4, 2009, Atricure announced a $3.8 million settlement with the Department of Justice concerning AtriCure's sales practices, which included AtriCure's consent to a corporate integrity agreement with the Office of Inspector General of the Department of Health and Human Services. Also, in a Form 10-Q filed on November 9, 2009, AtriCure recorded a $2 million liability concerning the securities class action referenced at ¶¶31-33 of the Complaint, indicating, at p. 16 thereof, that "recovery is deemed probable."
[2] In fact, Plaintiffs consented to extensions for Defendants to file their Motion to Dismiss and their Reply as well. Dkt. ## 22, 24 and 31.

The substance of the affidavits aside, each appears to have been obtained many months after the witnesses' contact with Plaintiffs' representative, despite the fact that Defendants could have contemporaneously obtained the statements:

- The Affidavit of Cheryl Kulesza states that she contacted Atricure "immediately after" she was contacted "earlier this year," and spoke with one of the Defendants, Julie Piton. Dkt. # 33, at Ex. 1, ¶4. However, AtriCure's lawyers did not meet with her until "several weeks ago" to debrief her concerning her single conversation with Plaintiffs' representative. *Id.* at ¶5. Given that her affidavit was signed on November 6, 2009, Defendants delayed obtaining the affidavit until nearly six months after the Complaint was filed;

- The Affidavit of Sara N. McIntosh states that she was initially contacted by Plaintiffs' investigator in the "Summer of 2009." Dkt. #33 at Ex. 3, ¶3. The Amended Complaint was filed on May 8, 2009. Either Ms. McIntosh could not have been a confidential witness -- if she was not contacted until two months after the Complaint was filed -- or perhaps her memory of the one conversation she had with Plaintiffs' representative has faded. In any event, Ms. McIntosh's affidavit was executed on October 30, 2009, months after the purported conversation occurred. Again, Defendants waited until "recently," *id.* at ¶4, to debrief her; and

- The Affidavit of Leslie A. Lopez states that Plaintiffs' representative contacted her "sometime in February 2009." Dkt. #33, Ex. 2 at ¶3. However, the affidavit, executed on November 9, 2009, indicates that counsel for AtriCure "recently discussed with me" the Complaint. *Id.* at ¶4. Again, Defendants waited until many months after the single conversation, *id.* at ¶3, to debrief the witness and obtain her statement.

In addition to these indicia of unreliability, the affidavits are objectionable on evidentiary grounds, including that they contain improper legal conclusions in the form of assertions by the affiants that neither they nor AtriCure violated FDA regulations, and that they were not asked to do anything that violated FDA regulations. *See, e.g.,* Dkt. #33 at Ex. 1, ¶9, Ex. 2 at ¶7 and Ex. 3 at ¶7. Rather than inform the Court on substantive law,[3] these statements suggest that the

---

[3] Indeed, the Company's recent settlement with the Department of Justice underscores the irrelevancy of the affiants' lay opinions on matters of law.

witnesses may have been frightened by Defendants concerning the potential uses of the information provided to Plaintiffs' representative.

### III.    ARGUMENT

#### A.    The Court Must Accept Plaintiffs' Confidential Witness Allegations as True

It is axiomatic that when faced with a motion to dismiss, "courts must . . . accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308, 322 (2007). In reaffirming this long-held jurisprudential standard, the Supreme Court did not qualify or limit it in any way. *Id.* Similarly, in reviewing a motion to dismiss, the Court is not to look beyond the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Accordingly, the Court must accept the statements of the confidential witnesses as they appear in the Amended Complaint, and should strike the affidavits attached to the Reply, which were submitted solely to rebut the well-pled factual allegations in the Amended Complaint. The Court's inquiry should end here.

#### B.    It is Improper for Defendants to Submit Affidavits at This Stage of the Case

In addition to the fact that the affidavits at issue cannot, as a matter of law, be considered on a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), Defendants' submission of the affidavits violated both proper practice under the PSLRA and this Court's rules.

##### 1.    Defendants Seek to Introduce Improper "Discovery," in Violation of the PSLRA

Defendants' efforts to circumvent the very purpose of a motion to dismiss -- to test the pleadings based solely upon the material alleged (and that subject to judicial notice) – by submitting contradictory facts outside the Complaint are remarkably similar to the actions of defendants in *In re Par Pharmaceuticals Sec. Litig.*, No. 06-cv-3226, 2009 WL 3234273 (D.N.J. Sept. 30, 2009). As in the instant action, defendants in *Par* obtained an affidavit from one of the

6

confidential witnesses referenced in a federal securities class action complaint and tried to use her later statement to challenge the sufficiency of the complaint. Like the affiants herein, the witness in *Par* claimed that the plaintiffs "overstate, misconstrue and misrepresent the information provided" to them to make "improper inferences and conclusions." 2009 WL 3234273, at *11. Also as in the instant action, the plaintiffs sought to strike the offending declarations or, in the alternative, to be granted particularized discovery should the court consider the declarations on their merits. *Id.*

While technically not "discovery," the court agreed that under a "practical view" of what constitutes discovery under the PSLRA, such use of an affidavit violated the discovery stay imposed by 15 U.S.C. §78u-4(b)(3)(B). *See* 2009 WL 3234273, at *12. Having relied upon the witness's information in upholding part of the complaint, *id.* at *7-8, the *Par* court refused to discount the confidential witness's contribution to the complaint, as had another court.[4] Rather, the court granted the plaintiffs' motion to strike the witness's later-obtained declaration. *Id.* at 12. The court's basis for the ruling, which explains the procedure which must be followed, is instructive:

> Moreover, the Court does not want to establish mechanisms whereby discovery must be conducted every time confidential informants are utilized, forcing the Court to reconcile competing facts to determine whether allegations in a complaint should be struck. If, however, discovery in the normal course reveals that factual contentions have indeed been alleged in bad faith, Defendants may renew their Rule 11 motion. They are also permitted, of course, to file a summary judgment motion.

*Id.* at 12.

---

[4] In *In re ProQuest Sec. Litig.*, 527 F. Supp. 2d 728, 738 (E.D. Mich. 2007), defendants convinced a confidential witness to submit an affidavit recanting her statements set forth in a complaint. Although it discounted the witness's information in evaluating the sufficiency of the complaint, the court held defendant had "engaged in discovery which was wholly improper. Plaintiffs have not yet had the opportunity to respond or otherwise challenge the statements in CI 1's declaration." *Id.* at 740.

7

The only case Defendants cite in support of their position, *Melton v. Blankenship*, No. 08-5346, 2009 WL 87472 (6th Cir. Jan. 13, 2009), is readily distinguishable. In *Melton*, on a motion to dismiss, defendants filed an affidavit in response to a court-ordered supplemental brief filed by plaintiff. Not only was the affidavit at issue created years earlier and available to both sides, but plaintiffs had themselves relied heavily on certain statements therein (including describing these statements as a "smoking gun" five times), without having attached the affidavit to their brief. *Id*. After recognizing that district courts generally may not consider items outside the pleadings, the Sixth Circuit unremarkably ruled that an affidavit which the plaintiff relied upon but failed to actually submit to the Court may be considered on a motion to dismiss. Here, in stark contrast, Defendants seek to introduce affidavits (and supposed facts) that are entirely new and outside the four corners of the Complaint.

As the *Par* court recognized, the time for evidence of this sort is on summary judgment after cross examination has been allowed and proof tested.

### 2.   **Defendants Violated Local Rule 7.2(d)**

Defendants' improper submission of the three affidavits also violated S.D. Ohio Civ. R. 7.2(d). That rule expressly provides that "all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence." As set forth above, prior to filing their Motion to Dismiss on July 20, 2009, Defendants: (i) were aware that Plaintiffs were interviewing witnesses prior to the filing of the Amended Complaint (on May 8, 2009), (ii) spoke with at least one of the witnesses prior to the filing of the Amended Complaint, and (iii) had obtained additional time to compile whatever information they deemed necessary to support their Motion to Dismiss. Dkt. ## 22 and 24. The evidence, which is not even appropriate on a motion to dismiss, was available before Defendants filed their Motion to

Dismiss. Defendants violated S.D. Ohio Civ. R. 7.2(d) by failing to submit this improper evidence with their Motion.

If the evidence was not available to be filed with the moving papers, S.D. Ohio Civ. R. 7.2(d) required counsel to "consult one another and attempt to stipulate to an agreed Motion for extension" of the entire briefing schedule. Affording every indulgence to the remote possibility that these affidavits still were not "available" prior to the original due date of the Reply, in mid-October, Defendants again failed to follow the rule. While Plaintiffs' counsel readily agreed to a (third) extension, the basis for the extension -- presumably to obtain the affidavits executed on October 30th and November 6th and 9th -- was not previously revealed by Defendants.

Based on the foregoing, it appears that Defendants purposefully waited to submit the affidavits to the Court until they filed their Reply, twice in violation of S.D. Ohio Civ. R. 7.2(d). The affidavits should thus be stricken. *See Deutsche Bank Nat. Trust Co. v. Mills*, No. 07-cv-1016, 2008 WL 399627, at *3 (S.D. Ohio 2008) (striking *sua sponte* documents filed in violation of the S.D. Ohio Civ. R. 7.2(d)).

### 3. Considering the Affidavits Would Improperly Turn Defendants' Motion to Dismiss into a Motion for Summary Judgment

Fed. R. Civ. P. 12(d) provides that, if on a motion under Fed. R. Civ. P. 12(b)(6), matters outside the pleadings are presented, "the motion must be treated as one for summary judgment under Rule 56." This court has already recognized the impropriety of converting Rule 12(b)(6) motions to dismiss into motions for summary judgment. *In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d 968, 978 (S.D. Ohio 2008) (observing the inappropriateness of converting a Rule

12(b)(6) motion into a Rule 56 motion because "the PSLRA prohibits the Plaintiffs from conducting discovery until the Court has ruled upon the Defendants' Motion to Dismiss.").[5]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike the affidavits of the confidential witnesses Defendants submitted in connection with their Reply.

DATED: December 2, 2009

By: /s/Richard S. Wayne
Richard S. Wayne (Attorney Bar No. 0022390)
William K. Flynn (Attorney Bar No. 0029536)
Nicole M. Lundrigan (Attorney Bar No. 0075146)
John M. Levy (Attorney Bar No. 0077897)
**STRAUSS & TROY**
150 East Fourth Street
Cincinnati, OH 45202-4018
Telephone: (513) 621-2120
Facsimile: (513) 629-9426

**GLANCY BINKOW & GOLDBERG LLP**
LIONEL Z. GLANCY
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**SAXENA WHITE P.A.**
JOSEPH E. WHITE III
LESTER R. HOOKER
2424 N. Federal Highway
Suite 257
Boca Raton, Florida 33431
Telephone: (561) 394-3399
Facsimile: (561) 394-3382

---

[5] In the unlikely event that the Court converts Defendants' Motion to Dismiss to a motion for summary judgment, and does not deny summary judgment outright, pursuant to Fed. R. Civ. P. 56(f) Plaintiffs request that they be permitted to conduct limited discovery. Although a discovery stay is normally imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") until such time as class plaintiffs clear the hurdle of a motion to dismiss, there is an exception to prevent undue prejudice. 15 U.S.C. §78u-4(b)(3)(B). Whereas Defendants chose to wait until their Reply to submit certain evidence, and Plaintiffs have not had a chance to obtain or present any evidence in opposition to, *inter alia*, the affidavits submitted by Defendants, limited discovery, at least of the affiants, should be permitted. Furthermore, conversion of the Motion to Dismiss to a motion for summary judgment could serve to move the litigation past the discovery stay.

*Co-Lead Counsel for Lead Plaintiffs*

**LAW OFFICES OF HOWARD G. SMITH**
HOWARD G. SMITH
3070 Bristol Pike, Suite 112
Bensalem, Pennsylvania 19020
Telephone:   (215) 638-4847
Facsimile:   (215) 638-4867

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the U.S. District Court the 2nd day of December, 2009. Notice of this filing was sent to all registered parties by operation of the Court's electronic filing system.

Dated: December 2, 2009

                                            s/Richard S. Wayne
                                            Richard S. Wayne Attorney Bar No. 0022390
                                            STRAUSS & TROY
                                            150 East Fourth Street
                                            Cincinnati, OH  45202-4018
                                            Telephone: 513/621-2120
                                            Facsimile:  513/629-9426
                                            E-mail: *rswayne@strausstroy.com*