UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE ATRICURE, INC.<br>SECURITIES LITIGATION | Case No. 1:08-cv-867<br>(Judge Michael R. Barrett) |

### DEFENDANTS' OPPOSITION TO MOTION TO STRIKE
### AFFIDAVITS OF PURPORTED "CONFIDENTIAL WITNESSES"

The plaintiffs chose to attack the defendants' Motion to Dismiss by alleging, outside the four corners of the complaint, that certain so-called "confidential witnesses" were ready to supply telling information that somehow would render plaintiffs' defective pleading viable. Now, faced with defendants' having ascertained the identity of certain of these secret purported witnesses, who in turn supplied affidavits attesting to the falsity of plaintiffs' claims about them, plaintiffs understandably would like it if the affidavits would just go away.  They should not be so rewarded.  Accordingly, the defendants AtriCure, Inc. ("AtriCure"), David Drachman, and Julie Piton respectfully submit that this Court first should deny the Motion to Strike and then summarily grant the defendants' motion to dismiss this unmeritorious action.

### BACKGROUND

Along with their underlying motion, defendants submitted affidavits from Sara N. McIntosh, Leslie Lopez and Cheryl A. Kulesza, three individuals whom plaintiffs described as "confidential witnesses", and whose alleged statements to plaintiffs' counsel constituted much of the basis for the opposition to the motion to dismiss the Amended Complaint.  Far from "recantations" (as plaintiffs wrongly characterize them), the affidavits *directly refute* the allegations that plaintiffs attribute to the so-called "confidential witnesses" and clearly

demonstrate that there is no merit to the securities fraud claims that are premised on these flawed allegations.[1]

## ARGUMENT

### The Affidavits Unambiguously Refute the Allegations Attributed to the Three "Confidential Witnesses"

The affidavits of Mses. McIntosh, Lopez and Kulesza plainly refute the allegations attributed to them as "confidential witnesses" in the Amended Complaint. For example, Sara McIntosh (Confidential Witness 2), says in her affidavit that "[t]here is a statement in Paragraph 66 attributed to me that is absolutely untrue. The Complaint states that I said there was a "'good chance' that sales associates were selling AtriCure's products for the 'treatment of atrial fibrillation.'" (¶ 66.). *I did not make that statement*." McIntosh Affidavit ¶ 6 (*emphasis added*). Likewise, Leslie Lopez (Confidential Witness 3), states in her affidavit that "*I never made the statements attributed to me* in Paragraph 71 [of the Complaint] and this also is untrue." Lopez Affidavit ¶ 6 (*emphasis added*). Cheryl Kulesza (Confidential Witness 5) provides similar refutation. She states, for instance, with respect to plaintiffs' allegations in Paragraph 107 of the Amended Complaint, that "*I absolutely did not say this. In fact, I did not have any knowledge of the actual procedures that were performed using AtriCure's devices. But as far as I am aware, there was no training conducted relating to the use of AtriCure products to treat atrial fibrillation.*" Kulesza Affidavit ¶ 8 (*emphasis on "not" in original; other emphasis added*).

### The Affidavits Expose the Plaintiffs' Tactics and the Bankruptcy of Their Complaint

The affidavits at issue make clear that plaintiffs (or their counsel) (1) never met with the "confidential witnesses" in person, but instead relied on only cursory phone conversations;

---

[1] Though plaintiffs invoke Fed. R. Civ. Pr. 12(f) as a basis for their motion to strike, that Rule applies only to matters in *pleadings*. Therefore, plaintiffs' motion is procedurally incorrect insofar as it relies upon Rule 12(f). *See, e.g., Bovee v. Coopers & Lybrand,* 216 F.R.D. 596, 599 (S.D. Ohio 2003) (*quoting Wright & Miller, Fed. Prac. & Proc., § 1380*) (*footnote omitted*) (Rule 12(f) "is neither authorized nor a proper way . . . to strike affidavits).

(2) did not fully inform these individuals about the purposes for which their statements were being sought, or how they might be used *(i.e.*, in a federal securities class action complaint seeking millions of dollars in damages); (3) never contacted the witnesses again to confirm the accuracy of what plaintiffs claimed (erroneously) they had been told; and (4) never gave the witnesses an opportunity to review the alleged statements attributed to them as presented in the Amended Complaint.  *See* McIntosh Aff. ¶¶ 3, 6; Lopez Aff. ¶¶ 3, 6; Kulesza ¶¶ 3, 6.  In short, the plaintiffs obtained information from these witnesses in a manner that assured unreliability.

In stark contrast, defendants' affidavits include all the indicia of reliability that plaintiffs avoided.  *See Swallow Turn Music v. Wilson*, 831 F.Supp. 575 (E.D. Tex. 1993).  After full and accurate advice and review, each woman signed her affidavit under oath, swearing plaintiffs had misrepresented the substance of their brief telephone conversations with plaintiffs' representative.[2]  McIntosh Aff. ¶ 6; Lopez Aff. ¶ 6; Kulesza ¶ 6.

### Plaintiffs Cast no Doubt on the Accuracy or Materiality of the Affidavits.

While plaintiffs quibble about the timing of the affidavits and other technicalities,[3] they make *no effort to dispute their accuracy*, and thereby effectively concede (as they must) that the sworn statements of Mses. McIntosh, Lopez and Kulesza are accurate.  Indeed, if anything should be striken from the record, it should be the "confidential witnesses" allegations in the Amended Complaint, not the affidavits.  *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F.

---

[2]  *See also* Affidavit of James Burke, Esq., filed herewith, in which defendants' counsel details the process by which the affidavits were obtained from the three affiants.

[3]  Plaintiffs also object to the affidavits because they contain "improper legal conclusions in the form of assertions by the affiants that neither they nor AtriCure violated FDA regulations, and that they were not asked to do anything that violated FDA regulations."  Mot. to Strike at 5 (*citations omitted*).  This objection is ironic, given that plaintiffs' Amended Complaint cites the confidential witness-related allegations to support the plaintiffs' own "improper legal conclusions" that AtriCure violated FDA regulations.

Supp. 2d 334 (D. Md. 2004) (striking allegations in a complaint where the plaintiffs could offer nothing to refuse a sworn affidavit to the contrary).

While the Court has more than enough reason to grant the defendants' Motion to Dismiss, irrespective of the affidavits at issue, the affidavits are highly material to identifying and negating the plaintiffs' attempt falsely to impart substance to the Amended Complaint. As the Sixth Circuit has observed, a motion to dismiss is often the best and only chance to dispose of a securities fraud case before the costs of discovery and trial put significant pressure on even blameless defendants to enter into a costly settlement and that the Court should act as a gatekeeper to protect such defendants. *See, e.g.*, *Helwig v. Vencor, Inc.,* 251 F. 3d 540, 547 (6th Cir. 2001) (*en banc*), *cert. denied*, 536 U.S. 935 (2002) (*quotations omitted*). Other courts have expressed skepticism about the increasingly common practice of inserting unverified "confidential witness" allegations in securities class action complaints. *See e.g., Higginbotham v. Baxter Intern., Inc.,* 495 F.3d 753 (7th Cir. 2007). The affidavits of the "confidential witnesses" submitted by defendants clearly demonstrate that those concerns are well founded.

The affidavits submitted here do no more than tell "the rest of the story." It is well settled that a court may consider the full text and context of a plaintiff's allegations in connection with a motion to dismiss, to determine the baseline legal adequacy of a complaint. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Here, the Amended Complaint is insufficient as a matter of law, whether or not our affidavits are considered. However, when they are, the Court also has a powerful guide to the ill-advised course that the plaintiff has taken.

## **CONCLUSION**

For all of the foregoing reasons, plaintiffs' motion to strike should be denied and the defendants' motion to dismiss should be granted along with costs, attorneys' fees and such other and further relief as this Court deems appropriate.

Respectfully submitted,

DATED: December 17, 2009

/s/ Steven E. Skwara

James E. Burke (0032731)
One East Fourth St.
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6428
Fax: (513) 579-6457
jburke@kmklaw.com
Attorney for Defendants AtriCure, Inc., David Drachman and Julie Piton

Stuart M. Gerson, *Admitted Pro Hac Vice*
Steven E. Skwara, *Admitted Pro Hac Vice*
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Suite 700
Washington, DC 20037
Co-Counsel for Defendants
AtriCure, Inc., David Drachman and Julie Piton

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was filed electronically. Parties may access this pleading through the Court's electronic docketing system.

                     /s/ Steven E. Skwara