UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT CINCINNATI)

| | : | |
|---|---|---|
| IN RE ATRICURE, INC. | : | Civil Action No. 1:08-cv-00867 |
| SECURITIES LITIGATION | : | (Judge Michael R. Barrett) |
| | : | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE DEFENDANTS'
<u>AFFIDAVITS OF CONFIDENTIAL WITNESSES</u>**

Lead Plaintiffs Ron DeHart and Brian Halford ("Lead Plaintiffs" or "Plaintiffs) submit this reply memorandum in support of their Motion to Strike[1] (Dkt. #35) affidavits filed by Defendants AtriCure, Inc., David Drachman and Julie Piton (Dkt. #33) disputing the allegations set forth in the Amended Complaint (Dkt. #21).

**I.   PREFATORY STATEMENT**

It is hornbook law that affidavits contesting the allegations of a pleading are not considered on a motion to dismiss filed pursuant to Rule 12(b)(6). Eschewing this hard and fast rule, Defendants begin their memorandum with a bizarre and illogical statement, hoping to entice the Court into an alternative pleading universe:

---

[1] Among the grounds upon which the motion is based, Plaintiffs cited Fed.R.Civ.P. 12(f). Dkt. #35 at 1. Silent as to *all other* authorities cited by Plaintiffs, Defendants contend the motion is "procedurally incorrect" because Rule 12(f) only strikes matter from pleadings. Opposition to Motion to Strike ("Def. Opp.") at 2 n.1 (Dkt. #36). As noted by the Court in *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 599-600 (S.D. Ohio 2003), a case cited by Defendants, "a district court may exclude from consideration an affidavit that it deems improper." *Id.* (citing *Lombard v. MCI Telecomm. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) and disregarding affidavits filed on reply, as in the instant action, in violation of S.D. Ohio Civ. R. 7.2); *see also St. Mut. Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979) (excluding deficient affidavits on summary judgment). On the pending motion to dismiss, whether they are stricken or disregarded, this Court should not consider the improperly-filed affidavits in ruling upon the sufficiency of the Amended Complaint.

> The plaintiffs chose to attack the defendants' Motion to Dismiss by alleging, outside the four corners of the complaint, that certain "confidential witnesses" were ready to supply telling information that somehow would render plaintiffs' defective pleading viable.

Defendants are well aware that a motion to dismiss does not precede a complaint; nor are the confidential witness allegations at issue herein "outside the four corners of the complaint." Try as they may, Defendants cannot posture this case as one where Plaintiffs' Amended Complaint "invited" the filing of evidence on a motion to dismiss.

As inauspicious as Defendants' opening is, the strength of their arguments goes downhill from there. *See, e.g.,* "the affidavits … demonstrate that there is no merit to the securities fraud claims" (Def. Opp. at 1-2); confidential witness allegations may be questioned on a motion to dismiss because they were the product of telephone conversations (*id.* at 2);[2] the affidavits should be considered on a pleading motion because they "do no more than tell 'the rest of the story,'" (*id.* at 4); and a motion seeking exclusion of evidence on a Rule 12(b)(6) motion which, in the alternative, makes evidentiary objections,[3] merely "quibble[s] about the timing of the affidavits and other technicalities."  *Id.* at 3.  Compliance with the Federal Rules of Civil Procedure and Evidence and with this Court's Local Rules is not a mere technicality. Accordingly, Plaintiffs' motion to strike should be granted.

---

[2]  In an attempt to contrast the reliability of statements made over the telephone with statements made in person, Defendants' papers recount the taking and rereading of witness statements in person, sometimes in the presence of lawyers from two firms and a representative from AtriCure. (Dkt. #36).  Far from ensuring greater reliability than a telephone interview, these actions just as easily suggest circumstances in which the witnesses were implicitly pressured to toe the AtriCure party line.

[3]  Because Plaintiffs rely upon statements made by the same persons to support their claims that Defendants engaged in securities law violations, Defendants find it "ironic" that Plaintiffs raise evidentiary objections to statements by lay percipient witnesses attesting to the fact that neither they nor AtriCure violated the law or FDA regulations.  Def. Opp. at 3 n.3.  Surely Defendants are well aware of the difference between using percipient information about the witnesses' and AtriCure's activities in a complaint and seeking to submit a non-expert's opinion testimony under oath as competent evidence on a question of law.  *See* Fed.R.Evid. 701.

## II. DEFENDANTS CITE TO NO AUTHORITY ALLOWING THE USE OF AFFIDAVITS TO SUPPORT A RULE 12(b)(6) MOTION

Defendants' memorandum is short on pertinent law and long on irrelevancies. The first three pages of the brief: (a) explain that several of the confidential witnesses now claim never to have made the statements attributed to them in the Amended Complaint and (b) claim that the manner in which the affidavits were obtained somehow lend greater credibility to them than to the witnesses' version of events as recounted in the complaint. Def. Opp. at 1-3. In short, Defendants claim that the affidavits "unambiguously refute the allegations" and "expose … the bankruptcy of [the] complaint." *Id.* at Argument, Points 1 and 2. As an initial matter, a factual determination such as the veracity of a witness's testimony is not appropriately resolved on a motion to dismiss. *See In re Proquest Sec. Litig.*, 527 F. Supp. 2d 728, 740 (E.D. Mich. 2007) (although a witness recanted, allegations attributed to that witness would still be considered).

During discovery, the parties will have the opportunity to take the depositions of, *inter alia*, all of the confidential witnesses, documents will be reviewed, and written discovery requests responded to. It is at the conclusion of that process that Defendants may raise the arguments they prematurely raise here. *See In re Par Pharms. Sec. Litig.*, No. 06-cv-3226, 2009 WL 3234273, at *12 (D.N.J. Sept. 30, 2009) (striking affidavits filed in support of motion to dismiss and noting that following discovery, defendants may "of course … file a summary judgment motion").

Defendants' sole attempt to address the issue at hand is to suggest, without filing a formal motion so requesting, that the confidential witness allegations should be stricken from the Amended Complaint. Def. Opp. at 3-4. Specifically, they vaguely cite *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334 (D. Md. 2004) for the proposition that if plaintiffs cannot refute a sworn affidavit, a complaint's allegations to the contrary can be excised. As

there is no jump cite, the court is not directed to which part of the 75-page decision stands for the proposition cited.  A closer examination of the *Royal Ahold* case indicates that the decision does not appear to support such a proposition.

First, as various motions under Rule 12(b) were pending, the court explained how different standards of review applied to them:

> "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint; importantly, *a Rule 12(b)(6) motion does not resolve contests surrounding the facts* … When ruling on such a motion, the court must 'accept the well-pled allegations of the complaint as true,' and 'construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.'"

351 F. Supp. 2d at 349 (emphasis supplied).[4]

However, on a motion which contests subject matter jurisdiction, brought pursuant to Fed.R.Civ.P. 12(b)(1), plaintiff bears the burden of proof and the matter is *not* decided solely upon the allegations of the complaint:  "In reviewing a Fed.R.Civ.P. 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'"  351 F. Supp. 2d at 355.[5]  Thus, evidence was considered on the Rule 12(b)(1) motion and plaintiffs did not prevail when they failed to contest certain affidavits.  351 F. Supp. 2d at 364.

---

[4] *Cf. Nat'l. City Commercial Capital Co. v. Caliber Homes LLC*, No. C-1-08-468, 2009 WL 4043336, at *3 (S.D. Ohio Nov. 19, 2009)(on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction:  "The Court does not weigh the assertions by the party seeking dismissal and thereby avoids a situation wherein non-resident defendants regularly defeat jurisdiction simply by filing an affidavit that denies all the jurisdictional facts.")(Keating, Meuthing & Klekamp for plaintiff).

[5] *See also Gentek Bldg. Products, Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007)(on a factual attack on subject-matter jurisdiction, the court "must weigh the conflicting evidence").

Next, unlike in this case, a Rule 11 motion to strike certain allegations had been filed in addition to a motion to dismiss. Whereas plaintiffs had not proffered evidence to support certain allegations, the motion was granted. 351 F. Supp. 2d at 387 n. 45.[6]

Finally, a Rule 12(f) motion was brought with respect to various elements of the alleged fraud. Because one particular set of allegations was deemed "immaterial as a matter of law" to proving the primary claims against the main defendants, the court struck them. 351 F. Supp. 2d at 397-98. The ruling, however, was based upon the allegations of the complaint, and not upon any affidavits which contested them.

Aside from *Royal Ahold*, Defendants provide no support for their opposition and cite to no authority contesting Plaintiffs' arguments concerning the impropriety of their last-ditch efforts to undermine Plaintiffs' well-pled allegations.

## III. CONCLUSION

Contrary to Defendants' posturing, the PSLRA does not authorize courts to disregard all rules of pleading and evidence in an effort to terminate litigation defendants decry as meritless.[7] For the reasons stated above and in the moving papers, Lead Plaintiffs respectfully request that the Court grant their

---

[6] *But see Par*, 2009 WL 3234273 at *12 (prior to discovery, a Rule 11 motion is premature).

[7] Citing *Higginbotham v. Baxter Int'l., Inc.,* 495 F.3d 753 (7th Cir. 2007), Defendants urge the Court to disbelieve the confidential witness allegations simply because they are made in a securities fraud action. Def. Br. at 4. (AtriCure's recent settlements with the Department of Justice and other securities plaintiffs undermine this plea that the Court do so to act as a "gatekeeper to protect" them from this litigation.) However, a court in this District refused to endorse the skepticism urged by Defendants, instead adopting the position taken by both a later Seventh Circuit panel, in *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 513 F.3d 702, 711-12 (7th Cir. 2008), and a number of other appellate courts (as cited in the *Tellabs* decision). The court in *In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d 968, 993 (S.D. Ohio 2008), held that confidential witness allegations would be considered if they provided sufficient detail and demonstrated that the witness had first-hand knowledge of the matters attributed to her/him. The Sixth Circuit specified such details to include, *e.g.*, "dates of employment, job description, employment location or which defendants interacted with them." *Konkol v. Diebold, Inc.*, No. 08-4572, ___ F.3d ___, 2009 WL 4909110, at *5 (6th C.ir. Dec. 22, 2009). The Amended Complaint, at ¶¶53-90, contains these very details. Indeed, *Higginbotham*'s speculation that the confidential witness allegations in that case were so vague that the sources might not even exist, 495 F.3d at 757, is not a concern here; three people read the complaint and claim to be the source of certain allegations.

motion to strike the improperly-filed affidavits or, alternatively, to exclude them from consideration on the motion to dismiss.

| | |
|---|---|
| Dated:  December 24, 2009 | /s/Richard S. Wayne<br>Richard S. Wayne (Attorney Bar No. 0022390)<br>William K. Flynn  (Attorney Bar No. 0029536)<br>Nicole M. Lundrigan (Attorney Bar No. 0075146)<br>John M. Levy (Attorney Bar No. 0077897)<br>STRAUSS & TROY<br>150 East Fourth Street<br>Cincinnati, OH  45202-4018<br>Telephone:   (513) 621-2120<br>Facsimile:    (513) 629-9426<br><br>GLANCY BINKOW & GOLDBERG LLP<br>Lionel Z. Glancy<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067<br>Telephone:   (310) 201-9150<br>Facsimile:    (310) 201-9160<br><br>SAXENA WHITE P.A.<br>Joseph E. White III<br>Lester R. Hooker<br>2424 N. Federal Highway, Suite 257<br>Boca Raton, FL  33431<br>Telephone:   (561) 394-3399<br>Facsimile:    (561) 394-3382<br><br>*Co-Lead Counsel for Lead Plaintiffs*<br><br>LAW OFFICES OF HOWARD G. SMITH<br>Howard G. Smith<br>3070 Bristol Pike, Suite 112<br>Bensalem, PA  19020<br>Telephone:   (215) 638-4847<br>Facsimile:    (215) 638-4867<br><br>*Counsel for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 24th day of December, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 24th day of December, 2009.

                                      /s/Richard S. Wayne
                                      Richard S. Wayne (Attorney Bar No. 0022390)

045688.930.2058485_1.DOC